Harry Iatridis and Gloria Iatridis v. Commissioner.
Iatridis v. Commissioner
Docket No. 2086-70 SC.
United States Tax Court
T.C. Memo 1971-80; 1971 Tax Ct. Memo LEXIS 254; 30 T.C.M. (CCH) 327; T.C.M. (RIA) 71080; April 21, 1971, Filed. Harry Iatridis, pro se, 2 Country Lane, Hillsdale, N. J.James A. McNabb, Jr., for the respondent. 328 JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: The respondent determined a deficiency of $1,148.48 in petitioners' income tax for the *255 taxable year 1966. The issue for decision is whether the petitioner is entitled to a deduction in the amount of $4,950. The petitioner claims the deduction as an education expense which would fall under section 162 of the Internal Revenue Code of 1954 but his argument appears to be that the expenditure represents a loss deductible under section 165. [1]
Some of the facts have been stipulated and those facts are so found. The petitioners' legal residence at the date of the filing of their petition was Hillsdale, New Jersey. On February 3, 1966, Harry Iatridis was notified of his appointment in the foreign service of the Agency for International Development. He was appointed to the position of Engineering Advisor to the Government of Thailand and his initial post of duty was to be Bangkok, Thailand and thereafter he was to be assigned regular duties upcountry at a nondependent area in the vicinity of Nongkai, Thailand near the Mekong River. Enclosed with the letter of February 3, 1966, were certain forms and other materials covering the conditions of employment to which petitioner *256 was to signify his agreement. Under the employment agreement he was, among other things, entitled to an education allowance in the amount of $1,450 for each child who attended school away from his post of duty. School allowances paid under the AID Program are not includible in gross income and are exempt from taxation. Section 912 Internal Revenue Code. On February 20, 1966, the petitioner reported to the AID in Washington, D.C. for training. Petitioners left for Thailand about mid-March, 1966. En route to Thailand they placed their five children in a school, College Du Leman Versoix, at Geneva, Switzerland for the term ending June 24, 1966. When the petitioners arrived at the school in Geneva, the school demanded immediate payment of tuition in the amount of $4,950. The petitioners borrowed that sum and paid the school before they departed for Thailand. On March 21, 1966, petitioners arrived in Bangkok, Thailand to commence his regular duties. Upon their arrival they were told he was being reassigned to a security sensitive area which was in Laos. The petitioner balked at the reassignment on the ground that he did not agree to such an assignment originally. *257 He insisted that he would only take the original job upcountry in Thailand. However, the AID insisted that the petitioner take up the assignment in Laos. The petitioners remained in Bangkok while discussing their differences with the AID and the possibilities of assignment to another country such as Yemen. These differences were never resolved and no other assignment was made so petitioner left Bangkok about the end of April 1966 [2] but did not resign until January 1967. Subsequently, at a date not appearing in the record, the AID renewed its interest in employing Mr. Iatridis and the subject of the failure to pay the educational allowance for his previous assignment was raised. It was suggested to him that he file a claim for reimbursement which he did. At the date of trial of this case this application was still pending. This case can be disposed of simply by stating that the petitioners are not entitled to claim a deduction for the $4,950 paid to the Swiss school as education expenses under section 162 of the Internal Revenue Code and *258 the regulations thereunder. Nor, are they entitled to claim any loss under section 165 or any other section of the Internal Revenue Code because it is conceded that their claim for reimbursement had not been finally rejected in the taxable year. However, we feel impelled to state that even if his claim is ultimately rejected he would not be entitled to the claimed deduction as a loss. In our view, Mr. Iatridis is really suing for lost income. While it is true the educational allowances are tax exempt they are nevertheless part of his compensation for his employment. What his argument amounts to is that because AID did not pay the full amount to which he believes he was entitled, he suffered a loss to the extent he advanced the monies to the school in expectation of reimbursement. His loss, if any, occurred because he was not reimbursed. However, it is well established that failure to receive wages, salary or other compensation or a loss of 329 earnings, whether through the election of the taxpayer or because of some supervening cause such as cancellation of a contract or illness, does not result in a loss which the taxpayer may deduct for Federal income tax purposes. Palmer Hutcheson, 17 T.C. 14 (1951). *259 The expense of maintaining petitioners' children in boarding school in Switzerland is a personal living or family expense the deduction of which is prohibited under section 262 of the Internal Revenue Code. Reviewed and adopted as the report of the Small Tax Case Division. To reflect respondent's concessions. Decision will be entered under Rule 50. Footnotes
1. All code section references are to the Internal Revenue Code of 1954.↩
2. On brief petitioners state they "requested to be returned to the United States which took place in June 1966."↩